UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD BORAZANIAN, | ) | CASE NO. 4:12 CV 2341 |
| Petitioner, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| J. COAKLEY, | ) ) | AND ORDER |
| Respondent. | ) ) | |

On September 18, 2012, petitioner *pro se* Donald Borazanian, an inmate at the Federal Correctional Institution at Elkton, filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. The petition, and memorandum in support thereof, asserts respondent is opening Borazanian's outgoing mail without good cause in violation of the First Amendment.

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Young v. Martin*, No. 02-2518, 83 Fed.Appx. 107, 109 (6th Cir. Dec. 5, 2003); *Okoro v. Scibana*, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Further, the appropriate action to raise petitioner's claims would be to file a civil rights complaint.[1]

Accordingly, the petition for writ of habeas corpus is denied, without prejudice to the claims

---

[1] To file a civil rights action, petitioner would be required either to pay the $350 filing fee or to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the filing fee. 28 U.S.C. § 1915(b); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

sought to be raised, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Dated: December 11, 2012                        *s/    James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE